UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **INGRID S. CALHOUN** | : | **CIVIL ACTION NO. 2:13-cv-1149** |
| **VERSUS** | : | **JUDGE TRIMBLE** |
| **WEST LOUISIANA HEALTH SERVICES, INC. D/B/A BEAUREGARD MEMORIAL HOSPITAL** | : : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

On July 27, 2013, the undersigned granted a motion to remand and a motion for attorney's fees and directed West Louisiana Health Services, Inc., d/b/a Beauregard Memorial Hospital ("Mover") to submit evidence of costs and expenses so that we could determine the proper amount of attorney fees and costs to award.  Doc. 9.  In response, counsel for mover filed a Proof of Attorney's Fees and Costs requesting $8,249.00 for preparation of a motion to remand (consisting of five pages), a memorandum in support of the motion to remand (consisting of eight pages, much of which was a repeat of what was set forth in the motion), and a reply to plaintiff's opposition to the motion to remand (consisting of eight pages).  Doc. 11.  Although the court granted plaintiff until August 30, 2013 to file a response to mover's pleading [doc. 13], no such response was ever filed.[1]

In support of its proposed attorney's fee award, mover has submitted an affidavit from its counsel attesting to her education, work experience and hourly rate.  She additionally submits the total amount of time expended by herself, an associate attorney at her firm, a law clerk, and an intern in preparing the pleadings.  Doc. 11, att. 1.  Mover has also submitted a billing invoice

---

[1] Although plaintiff did not file an opposition, this court is nonetheless required to determine the reasonableness of the amount requested.  *Wegner v. Standard Ins. Co.,* 129 F.3d 814, 822 (5th Cir.1997).

-1-

which reflects the dates of work performed, who performed the work, a description of the particular work performed, and the time spent on the particular task. *Id.*

Counsel submits that she spent 6.5 hours at the rate of $295 an hour on the motion to remand and the memorandum in support. A law clerk spent a total of 20.1 hours at the rate of $110 an hour on the same motion to remand and memorandum in support. With regard to the reply memorandum, counsel submits that she spent 4 hours at $295 an hour, an associate attorney spent 14.7 hours at the rate of $190 an hour and an intern spent 11.9 hours at the rate of $0 an hour. Counsel spent an additional .50 hour at the rate of $295 an hour reviewing the order and memorandum granting the motion to remand and awarding attorney's fees. In total, 56.7 hours was spent on the motion to remand.

The court notes that this case was removed by the plaintiff after originally filing suit in state court. The basis for remand was patent and simple: as we state in our opinion, 28 U.S.C. § 1441 (A), the removal statute, only allows for removal "by the defendant or defendants." Doc. 9. In finding that plaintiff lacked an objectively reasonable basis for removal, this court noted that "this aspect of federal court practice could not be any more basic." *Id.* This motion to remand was not factually complicated and did not present any novel or complex theory of law. Rather, this remand set forth basic tenets of procedural law and required minimal research to support the motion. Consequently, we find that spending 56.7 hours conducting research, writing, and filing the remand motion and reply memorandum is highly disproportionate to the work reasonably necessary to accomplish the tasks at hand. We find the amount submitted to be excessive.

After reviewing the motion and memoranda the court finds that an award of $1,000 is reasonable given the non-complexity of the issues.

Therefore, **IT IS RECOMMENDED** that mover be awarded attorney's fees in the amount of $1,000 to be paid by plaintiff within fourteen days.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 22nd day of October, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE